UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

       Plaintiff,

v.                                            Case No. 8:21-mc-11-JSM-SPF

TAYLOR GILMORE,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Final Judgment in Garnishment (Doc. 27). Neither Defendant nor any other party has responded.  The undersigned recommends the motion be granted.

### A. Introduction

On August 14, 2017, the District Court for the Western District of North Carolina, Charlotte Division, entered a final judgment for $60,619.32 in Plaintiff's favor and against Defendant Taylor Gilmore.  Plaintiff registered the judgment with the District Court for the Middle District of Florida on January 20, 2021 (Doc. 1).  *See* 28 U.S.C. § 1963.  In February 2022, at Plaintiff's request, the Clerk of Court entered a Writ of Garnishment ("the Writ") to JP Morgan Chase Bank, N.A. (Docs. 14, 16).  Under Florida Statute § 77.041(2), Plaintiff served a Notice of Garnishment and Certificate of Service upon Defendant (Doc. 18).

JP Morgan Chase Bank answered the Writ, identifying three bank accounts, #xxxx-xx-3939 (checking account), #xxxx-xx-2350 (savings account), and #xxxx-xx-1171 (checking account), on which it was indebted to Defendant and his joint account owner Diane Malone,

and stating it was restraining the $810.45 in the two accounts that were not exempt from garnishment (Doc. 13).[1]  Plaintiff represents that, under Florida Statute § 77.055, Plaintiff served Defendant and Diane Malone (who reside at the same address) with a copy of JP Morgan Chase Bank's answer and a second notice advising them they had 20 days to move to dissolve the Writ (Docs. 22, 23).  Plaintiff complied with the notice requirements of Florida Statutes §§ 77.041(2) and 77.055, and no one objected, filed a claim of exemption, or moved to dissolve the writ.  At this juncture, Plaintiff seeks an $810.45 final judgment on the Writ, representing the amount restrained by JP Morgan Chase Bank (*see* Doc. 27 at 2).

**B. Discussion**

The collection of money judgments in federal court is governed by state law.  *See* Fed. R. Civ. P. 69.  Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment.  *See Orso as Tr. to Bell v. Rovenger*, No. 5:21-mc-8-JSM-PRL, 2021 WL 5310971, at * 1 (M.D. Fla. Oct. 28, 2021).  Florida Statute § 77.083 provides that a judgment shall be entered against a garnishee based upon its answer or, if a reply is filed, after a trial on the reply.  Any judgment must not exceed the amount unpaid on the final judgment against a defendant or the amount of the garnishee's liability to a defendant.  Fla. Stat. § 77.083.

"Under Florida law, a creditor of a single spouse may not execute a judgment on a joint bank account held as tenants by the entirety."  *In re Canovas*, No. 05-44854-BKC-LMI, 2009 WL 2386062, at *1 (Bkrtcy. S.D. Fla. July 31, 2009) (citing *Sunshine Res., Inc. v. Simpson*,

---

[1] Account #xxxx-xx-3939 is in William Gilmore's name and has a balance of $10.00. Account #xxxx-xx-2350 is in William Gilmore and Diane Malone's names and has a balance of $800.45.  And account #xxxx-xx-1171 is exempt from garnishment under 31 C.F.R. § 212 (deposits of federal benefits payments in excess of the $955.45 balance) and is in William Gilmore and Diane Malone's names. (*See* Doc. 19 at 2).

763 So.2d 1078, 1081-82 (Fla. 4th DCA 1999) and *Balding v. Fleisher*, 279 So.2d 883, 884 (Fla. 3d DCA 1973)).  There is a presumption under Florida law that a husband and wife own a joint account as tenants by the entirety.  *See Beal Bank, SSB v. Almand and Assoc.*, 780 So.2d 45, 58 (Fla. 2001) (holding that real and personal property acquired by married couple is afforded a presumption of tenancy by the entireties ownership under Florida law).  This presumption arises for bank accounts titled in the name of both spouses "if the signature card of the account does not expressly disclaim the tenancy by the entireties form of ownership" and so long "as the account is established by husband and wife in accordance with the unities of possession, interest, title, and time and with right of survivorship."  *Id.* at 58.  Then the burden shifts to the creditor to prove by a preponderance of the evidence that a tenancy by the entirety was not created.  *Id*. at 58-59.

Here, although they reside at the same address, there is no record evidence that joint account owners Taylor Gilmore and Diane Malone are married.  The presumption that they own the accounts as tenants by the entirety is inapplicable.  *Compare Nationwide Judgment Recovery, Inc. v. Nagibina*, No. 8:21-mc-131-KKM-JSS, 2022 WL 3636370, at * 1-2 (M.D. Fla. Aug. 3, 2022) (granting motion for final judgment of garnishment where bank identifies defendant as a joint account owner, neither defendant nor the other joint owner responds to the proceedings, and there is no evidence of joint account owners' relationship), *with Benninghoff v. Potter*, No. 3:10-cv-1113-J-32MCR, 2011 WL 3348079, at *1 (M.D. Fla. Aug. 3, 2011) (dissolving writ of garnishment as to accounts held as tenants by the entirety by husband-and-wife joint account owners who moved to dissolve the writ and establish that the presumption applies).

Against this backdrop, Plaintiff has met the statutory requirements for a judgment of

garnishment. Garnishment statutes are strictly construed. *Gigliotto Contracting N., Inc. v. Traffic Control Prods. of N. Fla., Inc.*, 788 So.2d 1013, 1016 (Fla. 2d DCA 2001); *Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956-civ, 2009 WL 586010 (S.D. Fla. Mar. 6, 2009). When a plaintiff demonstrates that the defendant was served with the statutorily required notices but failed to appear or otherwise respond to a writ of garnishment, the plaintiff meets the statutory requirements for a judgment of garnishment. *See Zhejiang Dongri Imp. & Exp. Co., Ltd. v. Neoptx, LLC*, No. 20-cv-60114-SMITH/VALLE, 2021 WL 2480879 (S.D. Fla. June 2, 2021). Plaintiff has done so.

**C. Conclusion**

It is **RECOMMENDED**:

(1) that Plaintiff's Motion for Final Judgment in Garnishment (Doc. 27) be **GRANTED**;

(2) that final judgment be entered for Plaintiff and against garnishee JP Morgan Chase Bank, N.A. for the amounts in accounts #xxxx-xx-3939 and #xxxx-xx-2350, under Florida Statute § 77.083; and

(3) that the Court grant garnishee JP Morgan Chase Bank, N.A.'s request for $100.00 in statutory attorney's fees under Florida Statute § 77.28, payable by Plaintiff directly to the garnishee or the garnishee's counsel upon demand.

**IT IS SO REPORTED** in Tampa, Florida on February 13, 2023.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation.  11th Cir. R. 3-1.